IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARIA GLENDA TABORA ARITA AND MINOR SON J.B.T., <br> *Petitioners* <br><br> -vs- <br><br> KRISTI NOEM, SECRETARY OF THE U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. DEPARTMENT OF HOMELAND SECURITY, PAMELA BONDI, ATTORNEY GENERAL OF THE UNITED STATES; TODD LYONS, DIRECTOR OF THE U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE); AND WARDEN, SOUTH TEXAS FAMILY RESIDENTIAL CENTER, <br> *Respondents* | SA-25-CV-00819-XR |

**ORDER**

On this date, the Court considered the status of this case.[1] After careful consideration, the Court **DISMISSES WITHOUT PREJUDICE** Petitioners' Petition for Writ of Habeas Corpus as **MOOT**.

**BACKGROUND**

**I.   Facts**

On July 14, 2025, Petitioners Maria Glenda Tabora Arita and her minor son J.B.T. filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, along with a Motion for Immediate Stay of Removal. ECF Nos. 1, 2. Petitioners alleged that they were not subject to a removal order, but were arrested in California on June 25, 2025, after appearing *pro se* before an Immigration Judge, at which proceeding DHS dismissed their removal proceeding and

---

[1] The Court repeats the background from its previous order for completeness. ECF No. 4.

subsequently arrested them and took them to detention centers in DC and then Dilley, Texas. ECF No. 4 at 1–2. Petitioners claimed their arrest and detention violated the Fourth and Fifth Amendments to the United States Constitution and the Immigration and Nationality Act. *Id.* at 2. Petitioners also alleged that Respondents were "stag[ing] and prepar[ing] them for removal." *Id.* (quoting ECF No. 2 at 3).

On July 16, 2025, the Court issued an order which determined that Petitioners' habeas petition be served on Respondents and that a response was warranted, and set a hearing on Petitioners' TRO on July 21, 2025. ECF No. 4 at 2.[2] After receiving word of this filing, Respondents notified the Courtroom Deputy that Immigration and Customs Enforcement ("ICE") represented that Petitioners had been released from custody.[3] On July 18, 2025, Respondents filed an advisory representing the same, specifically that Petitioners were released July 15, 2025 on an "Order of Supervision or Own Recognizance (From I-220A)—the day after the Petitioners' filed this case but before the Court issued its order. ECF No. 6.

In this advisory, Respondents represented that Petitioners remained in removal proceedings, *id.* at 2, and attached documentation representing an upcoming appointment in the Bakersfield Office in California, ECF No. 6-1 at 2. Respondents argued that Petitioners' relief was moot and that the Court should dismiss the case as the Court lacks jurisdiction over any relief for a stay of removal or any decision or action to execute removal orders. ECF No. 6 at 1–2 (citing 8 U.S.C. § 1252(g)). Further, Respondents contended that Petitioners are not entitled to attorney's

---

[2] While the order was dated July 16, it was entered by the Clerk of the Court on July 17.

[3] Respondents emailed the Courtroom Deputy on July 17, after the Clerk entered the Court's order directing service, a response, and setting a hearing on the TRO.

2

fees under the Equal Access to Justice Act. ECF No. 6 at 2 (citing *Gomez Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023)).

Considering this advisory, the Court denied the TRO as moot, cancelled the hearing, vacated its order directing a response to the petition, and directed Petitioners to advise the Court as to how it wished to proceed. *See* Text Order, July 18, 2025.[4]

In their response, Petitioners take two paths. First, they seek to shift this case from one seeking habeas relief to one seeking damages against federal officers relating to Petitioners' initial arrest and detention in Texas, including "buying [a] ticket out of Texas [to California]." ECF No. 9 at 1–3. Second, Petitioners seek to keep their habeas petition alive, even though they concede they have been released from custody. They no longer challenge their removal, but argue they are subject to re-arrest and that being released from custody does not render a habeas petition moot. ECF No. 9 at 3 (citing *Spencer v. Kemna*, 523 U.S. 1 (1998)). In support, Petitioners points to Respondents' decision to outfit them with an ankle monitor and seek to have this removed. ECF No. 9 at 3. Finally, Petitioners continue to argue that they are entitled to attorney's fees and costs. *Id.* at 4.

## DISCUSSION

The Court is sympathetic to Petitioners situation. The Court is perplexed at why Respondents would arrest Petitioners in California, bring them to Texas for nearly three weeks, only to release them without transport back to California. Respondents, in their advisory, have not explained why this occurred, or why Respondents were arrested in the first place. That said, the Court cannot award any relief to Petitioners.

---

[4] The Court directed Petitioners' counsel to advise the Court within seven days. Petitioners counsel did not respond within this time due to his failure to register for electronic filing with this Court as ordered. *See* July 18, 2025, Text Order. The Court considers his response nonetheless.

First, any challenge to the initial decision to arrest Petitioners in violation of their Fourth and Fifth Amendment rights (and any damages sought) cannot be brought in habeas. Habeas only exists to "grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). "Simply stated, habeas is not available to review questions unrelated to the cause of detention." *Id.* at 935. "The Fifth Circuit follows a bright-line rule: 'If a favorable determination ... would not automatically entitle [the detainee] to accelerated release, . . . the proper vehicle is a [civil rights] suit.'" *Sacal-Micha v. Longoria* , 449 F. Supp. 3d 656, 662 (S.D. Tex. 2020) (quoting *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997).

Accordingly, any attempt by Petitioners to challenge their initial arrest and seek damages cannot be accomplished through habeas.

Second, Petitioners' attempt to keep this case alive falls short. Petitioners appear to concede they are no longer in custody. ECF No. 9 at 4 (arguing that the "claim the petition is moot merely because petitioners were released from custody is without merit, incorrect, and wrong").[5] And nothing suggests Petitioners will be re-arrested pending their removal proceedings that would make this case capable of repetition but evading review. *See Wei Guang Li v. Dep't of Homeland Sec.*, No. 2:08-CV-661-CG-C, 2008 WL 5428224, at *3 n.4 (S.D. Ala. Dec. 30, 2008). Petitioners contention that *others* may face similar arrest is not relevant. ECF No. 9 at 2.

To maintain a habeas case after release, Petitioners must show "some concrete and continuing injury other than the now-ended incarceration" under Article III, § 2 of the

---

[5] The Court observes it not clear whether subjecting someone to continued GPS tracking device constitutes being in custody. *See Orellana Juarez v. Moniz*, --- F. Supp. 3d ----, 2025 WL 1698600, at *4 (D. Mass. June 11, 2025) (concluding that petitioner was "subject to custody sufficient for habeas relief" by virtue of the GPS monitor placed by ICE under the Intensive Supervision Appearance Program ("ISAP")). The Court need not address this, as Petitioners have not raised it.

Constitution—a "collateral consequence of the conviction." *Spencer*, 523 U.S. at 7 (internal quotation marks omitted). The Fifth Circuit, however, has expressed skepticism that "aliens who are released from ICE custody can maintain a habeas petition by showing collateral consequences." *Bacilio-Sabastian v. Barr*, 980 F.3d 480, 483 (5th Cir. 2020) (noting that "[w]hen an alien is released from ICE custody pending further immigration proceedings, no conviction exists to disable or burden that petitioner").

Even if Petitioners could show collateral consequences, they have not done so here. The only consequence Petitioners point to is the electronic monitoring imposed as a condition of release, which courts have rejected. *See Diawara v. DHS*, No. AW-9-CV-2512, 2010 WL 4225562, at *2 & n. 1 (D. Md. Oct. 25, 2010) (no collateral consequences when petitioner was released from ICE custody and placed in ATD program which included electronic monitoring).[6]

Finally, Petitioners cite no authority as to why they are entitled to attorney's fees. Even if they prevailed (which they do not), Respondents correctly point out they cannot seek attorney's fees under the EAJA in habeas cases. *See Witte*, 65 F.4th at 784 ("the EAJA does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions").

## CONCLUSION

For the foregoing reasons, Petitioners' Petition for a Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE AS MOOT**.

---

[6] Accordingly, the Court need not reach the merits of any electronic monitoring claims. That said, assuming no jurisdictional bars, Petitioners claim—premised on monitoring for less than a month—would be unsuccessful. *See Iruene v. Weber*, 3:12-cv-1864-O-BH, 2012 WL 5945079, at *3 (N.D. Tex. Aug. 1, 2012) (Ramirez, J.) (rejecting due process claim based on imposition of ankle monitor and noting that "courts that have considered the issue have uniformly found that the ISAP, including the requirement that participants wear ankle bracelets, does not violate aliens' due process rights because it is rationally related to the governmental purposes of monitoring aliens under final removal orders and protecting the community"), *report and recommendation adopted*, No. 3:12-CV-1864-O, 2012 WL 5995350 (N.D. Tex. Nov. 28, 2012); *Gozo v. Mayorkas*, No. 1:23-CV-159, 2024 WL 2027510, at *4 (S.D. Tex. Mar. 4, 2024) (same). While the petitioners in these cases were subject to final orders of removal, the result would likely be the same. *See Demore v. Kim*, 538 U.S. 510, 528 (2003) ("[W]hen the government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal.").

The Clerk is **DIRECTED TO CLOSE THIS CASE**.

It is **SO ORDERED**.

**SIGNED** this 11th day of August, 2025.

                                            XAVIER RODRIGUEZ
                                            UNITED STATES DISTRICT JUDGE